IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**FELIX D. LARA VAZQUEZ,**<br><br>Defendant. | Criminal No. 23-195 (ADC) |

**REPORT AND RECOMMENDATION**
**ON RULE 11(c)(1)(B) CHANGE OF PLEA HEARING**

**I.     Procedural Background**

On May 11, 2023, Defendant Félix D. Lara Vázquez was charged by a Grand Jury in a fifty-three-count indictment. Defendant agrees to plead guilty to Count Twenty-One of the Indictment.

Count Twenty-One of the Indictment charges that, from in or about April 2020, through the return of the Indictment, in the District of Puerto Rico, and elsewhere, the defendant, Félix D. Lara Vázquez, and others known and unknown to the Grand Jury, aiding and abetting one another, knowingly devised, and intended to devise, a scheme and artifice to defraud the United States Small Business Administration and Bank 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by submitting and causing to be submitted false and fraudulent applications for EIDL and PPP funds. All in violation of Title 18, United States Code, §§ 1343 & 2.

On May 17, 2024, Defendant moved for a change of plea. Docket No. 657. The United States of America and Defendant entered into a Plea and Forfeiture Agreement. Docket No. 779. Pursuant to the plea agreement, Defendant agreed to plead guilty to Count Twenty-One of the Indictment but also agreed that Defendant would be held accountable for wire fraud that does not affect a financial institution or occur in relation to, or involve any benefit authorized, transported,

Case 3:23-cr-00195-ADC-GLS   Document 783   Filed 06/12/24   Page 2 of 7

USA v. Lara-Vázquez
Crim. No. 23-195 (ADC)
Report and Recommendation on Guilty Plea

transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency. On June 11, 2024, Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because he could otherwise be charged with perjury.

## II. Consent to Proceed Before a Magistrate Judge

Defendant was advised of his right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was provided with a *Waiver of Right to Trial by Jury*, which he signed prior to the hearing. Docket No. 778. Defendant validated his signature and informed that his attorney had translated the document to Spanish and had explained the document before signing the same. The Court found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

## III. Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

USA v. Lara-Vázquez
Crim. No. 23-195 (ADC)
Report and Recommendation on Guilty Plea

### A. Competence to Enter a Guilty Plea

The Court questioned Defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Indictment and fully discussed the charges with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's competence to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, the Court found that Defendant was competent to plead and fully aware of the purpose of the hearing.

### B. Plea Agreement

Defendant was shown his plea agreement, including the stipulation of facts, and he identified his initials and signatures. Defendant confirmed that he had the opportunity to read and discuss the plea agreement and plea agreement supplement with his attorney, that his attorney translated both the plea agreement and the plea agreement supplement before he signed the documents, that the plea agreement represented the entirety of his understanding with the Government, that he understood the terms of the plea agreement and plea agreement supplement, and that no one had made any other or different promises or assurances to induce him to plead guilty. Counsel for the Government described the essential terms of the plea agreement, including stipulations pertaining to the Sentencing Guidelines and any sentencing recommendations. Counsel for the defense agreed with the Government's description of the terms and recommendations, and so did Defendant.

Defendant was then admonished, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the terms of the plea agreement are mere recommendations to the Court, and that the District Judge who will preside over the sentencing hearing can reject the recommendations without permitting him to withdraw his guilty plea. And that the District Judge could impose a sentence that is more severe than what Defendant might anticipate. Defendant expressed full understanding of the foregoing and confirmed that he was aware that, if the District Judge does

Case 3:23-cr-00195-ADC-GLS   Document 783   Filed 06/12/24   Page 4 of 7

USA v. Lara-Vázquez
Crim. No. 23-195 (ADC)
Report and Recommendation on Guilty Plea

not follow the recommendations in the plea agreement, he will not be allowed to withdraw his plea of guilty if he receives a sentence that is higher than expected.

### C. Voluntariness

In considering the plea agreement, Defendant acknowledged that the plea agreement contains all the promises and agreements that he made with the Government and that no one made any other or different promise or assurance of any kind in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Defendant indicated that he was not being induced to plead guilty, that he was entering such plea freely and voluntarily because in fact he is guilty, and that no one has threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offense to which he is pleading guilty is a felony and that, if the plea is accepted, he will be adjudged guilty of that offense, and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

Throughout the hearing, Defendant was free to consult with his attorney or to seek clarification from the Court. He confirmed that his agreement to plead guilty was made knowingly and voluntarily.

### D. Maximum Penalties

Defendant expressed his understanding of the statutory maximum penalties for the offense to which he was pleading guilty. The maximum statutory penalties for Count Twenty-One of the Indictment are a term of imprisonment of not more than thirty (30) years, a fine not to exceed one million dollars ($1,000,000.00), and a term of supervised release of not more than five (5) years. However, because the Defendant has agreed to be held accountable for wire fraud that does not affect a financial institution or occur in relation to, or involve any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency, the applicable penalties are a term of imprisonment of not more than twenty (20) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a supervised release term of not more than three (3) years. In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund pursuant to Title 18, United States Code, Section 3013(a). Defendant indicated that he understood the maximum penalties for Count Twenty-One of the

Case 3:23-cr-00195-ADC-GLS   Document 783   Filed 06/12/24   Page 5 of 7

USA v. Lara-Vázquez
Crim. No. 23-195 (ADC)
Report and Recommendation on Guilty Plea

Indictment, that the offense charged is a felony, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full term of supervised release originally imposed by the Court. And that, if he is currently on supervised release in a different case, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case. The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offense, and the Court may also require him to forfeit certain property to the Government, as agreed in his plea agreement. Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence he may be currently serving in another case.

E.   **Sentencing Procedure**

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if he is sentenced to prison, he will not be released on parole. Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence

Case 3:23-cr-00195-ADC-GLS   Document 783   Filed 06/12/24   Page 6 of 7

USA v. Lara-Vázquez
Crim. No. 23-195 (ADC)
Report and Recommendation on Guilty Plea

imposed by the Court. But that, pursuant to his plea agreement, he is waiving his right to appeal both the judgment and sentence imposed by the Court, if the Court accepts his plea agreement and sentences him to two years of probation or less. Defendant informed that he understood his right to appeal and that he voluntarily agreed to this waiver.

### F. Waiver of Constitutional Rights

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government agree; that at trial he would be presumed innocent and the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent him through all stages of the proceedings; that at trial he would have the right to hear and cross examine all witnesses, the right to issue subpoenas or to compel the attendance of witnesses to testify at trial, and the right to testify or to remain silent. Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

### G. Offense Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Count Twenty-One of the Indictment and was provided an explanation of technical terms used in the Indictment. Defendant was also provided an explanation of the elements of the offense. Defendant expressed that he understood the charge in Count Twenty-One and the elements of the offense, and what the Government would have to prove beyond a reasonable doubt if he were to go to trial.

The Government explained the factual basis for the offense and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offense charged. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Count Twenty-One of the Indictment.

Case 3:23-cr-00195-ADC-GLS   Document 783   Filed 06/12/24   Page 7 of 7

USA v. Lara-Vázquez
Crim. No. 23-195 (ADC)
Report and Recommendation on Guilty Plea

### IV. Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Count Twenty-One of the Indictment.

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters in Rule 11, the Court finds that the defendant, **Félix D. Lara Vázquez,** is fully competent and capable of entering this guilty plea, is aware of the nature of the charge and the maximum statutory penalty it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the facts and the elements of the offense, and has done so in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Count Twenty-One of the Indictment.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 (d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge. <u>United States v. Valencia-Copete</u>, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Aida M. Delgado-Colón.**

In San Juan, Puerto Rico, this 12th day of June 2024.

s/Giselle López-Soler<br>
GISELLE LÓPEZ-SOLER<br>
United States Magistrate Judge